UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DARIAN KEITH DAVIS,**

   Petitioner,

v.                                                                  Case No. 8:20-cv-1551-T-33AEP

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

   Respondent.
_____/

## ORDER

This cause comes before the Court on Petitioner Darian Keith Davis's counseled petition for writ of habeas corpus, filed under 28 U.S.C. § 2254. (Doc. 1). Upon consideration of the petition, the response (Doc. 7), and the reply (Doc. 10), the Court **ORDERS** that the petition is **DISMISSED AS TIME-BARRED**:

## PROCEDURAL HISTORY

Davis pleaded guilty to one count of second degree murder. (Doc. 7-2, Ex. 2). In accord with the terms of the negotiated plea agreement, Davis was sentenced to 30 years in prison, followed by five years on probation. (Doc. 7-2, Exs. 2-6). Davis did not appeal. His motion for postconviction relief, filed under Florida Rule of Criminal Procedure 3.850, was denied following an evidentiary hearing. (Doc. 7-2, Exs. 7, 8). The state appellate court *per curiam* affirmed the denial of relief. (Doc. 7-2, Ex. 11).

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Davis's habeas petition is subject to the one-year statute of limitations set out in 28 U.S.C.

1

§ 2244(d)(1). A habeas petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

Davis pleaded guilty and was sentenced on January 27, 2015. (Doc. 7-2, Exs. 2-5). The written judgment and sentence were filed on February 3, 2015. (Doc. 7-2, Exs. 4, 5). On April 17, 2015, an amended sentencing document was filed. (Doc. 7-2, Ex. 6). The federal habeas petition's timeliness depends on which sentence authorizes Davis's confinement and thus controls the start date of the AEDPA limitations period. If the amended sentence, filed April 17, 2015, controls, then Davis's federal habeas petition is timely. Davis's judgment would have become final on May 18, 2015, upon expiration of the 30-day period to file a direct appeal. *See Booth v. State*, 14 So.3d 291, 292 (Fla. 1st DCA 2009) ("Appellant did not appeal his judgment and sentence. Thus, his judgment and sentence became final 30 days later when the time for filing an appeal passed.").[1]

Davis's one-year limitations period would have started running the next day, May 19, 2015. Davis would have had one year, until May 19, 2016, to either file his federal habeas petition or a tolling application in state court. Davis filed his Rule 3.850 postconviction motion before this deadline, on May 17, 2016. (Doc. 7-2, Ex. 7). That motion remained pending until July 8, 2020, when the state appellate court issued its mandate. (Doc. 7-2, Ex. 12). No further untolled time would have passed because Davis's federal habeas petition was filed the same day, July 8, 2020.

---

[1] Because the thirtieth day, May 17, 2015, was a Sunday, Davis would have had until Monday, May 18, 2015, to file his notice of appeal. *See* Fla. R. App. P. 9.420(e); Fla. R. Jud. Admin. 2.514(a)(1)(C).

On the other hand, if the sentence filed on February 3, 2015, controls, then Davis's federal habeas petition is untimely. Davis's judgment would have become final 30 days later, on March 5, 2015. His one-year limitations period would have started the next day, March 6, 2015, giving him until March 7, 2016, to file either his federal habeas petition or a tolling application in state court.[2] Davis did not file either type of pleading by the March 7, 2016 deadline. The Rule 3.850 postconviction motion filed on May 17, 2016, would not have had any tolling effect because the AEDPA limitations period would have already expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

The Court concludes that the sentence filed February 3, 2015, controls because the amended sentence, filed April 17, 2015, did not result in a "new" judgment that reset the AEDPA limitations clock. As a result, Davis's federal habeas petition is untimely.

For purposes of the AEDPA limitations period, "there is one judgment, comprised of both the sentence and conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (citing *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292 (11th Cir. 2007)). "[A] state prisoner's AEDPA limitations period does not begin to run until both his conviction and sentence become final[.]" *Thompson v. Fla. Dep't of Corr.*, 606 F. App'x 495, 501 (11th Cir. 2015). A change to a sentence after its imposition can result in a "new judgment" that resets the AEDPA limitations period. *See Insignares*, 755 F.3d at 1281 ("The limitations provisions of AEDPA 'are specifically focused on the judgment

---

[2] The one-year deadline of March 6, 2016, fell on a Sunday. Therefore, Davis had until Monday, March 7, 2016, to file his federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

3

which holds the petitioner in confinement,' and resentencing results in a new judgment that restarts the statute of limitations.") (quoting *Ferreira*, 494 F.3d at 1292-93).

In determining whether a new judgment has been entered, "[t]he relevant question is not the magnitude of the change, but the issuance of a new judgment *authorizing* the prisoner's confinement." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326-27 (11th Cir. 2017) (emphasis in original). Here, the amended judgment did not authorize Davis's confinement.

The court orally pronounced a sentence of 30 years in prison, followed by five years on probation. (Doc. 7-2 Ex. 3, transcript p. 17). Both the original and amended written sentences state the 30-year term of imprisonment and then provide the following paragraph about the supervisory portion of Davis's sentence:

> ☐ Followed by a period of **5 YEARS** on ☐ probation ☐ community control under the supervision of the Department of Corrections according to the terms and conditions of supervision set forth in a separate order entered herein. **PROBATION CONSECUTIVE TO PRISON**.

(Doc. 7-2, Ex. 5, p. 2; Ex. 6, p. 2).

In the original written sentence, only the first box is checked, indicating the court had imposed a five-year term of supervision; however, neither the "probation" nor the "community control" box is checked. In the amended sentence, the box next to "probation" is checked. The original and amended sentencing documents are the same in all other respects. Thus, the original sentence simply failed to specify which type of supervision had been orally pronounced at sentencing, and the amended sentence clarified and memorialized that the court had imposed probation, rather than community control.

Under Florida law, when the written and oral sentences are inconsistent, the oral sentence controls. *See Williams v. State*, 957 So.2d 600, 603 (Fla. 2007) ("[The Florida

4

Supreme Court] has held that a court's oral pronouncement of a sentence controls over the written sentencing document.") (citing *Ashley v. State*, 850 So.2d 1265, 1268 (Fla. 2003) and *Justice v. State*, 674 So.2d 123, 126 (Fla. 1996)). Therefore, the amendment altered the written sentencing document to accurately and completely reflect the controlling sentence that the trial court orally pronounced.

Omitting the type of supervision was merely a clerical error, the correction of which did not result in a "new" judgment for purposes of the AEDPA. *See Wells v. Sec'y, Dep't of Corr.*, 769 F. App'x 885, 887 (11th Cir. 2019) (stating that the correction of a clerical mistake does not create a new judgment); *Johnson v. Sec'y, Dep't of Corr.*, 717 F. App'x 896, 898 (11th Cir. 2017) (recognizing that the state court's correction of a clerical error in a written judgment form does not result in a new judgment). Therefore, Davis's petition is untimely under § 2244(d)(1)(A).[3]

Accordingly, it is **ORDERED** that Davis's petition (Doc. 1) is **DISMISSED AS TIME-BARRED**. The **CLERK** is directed to enter judgment against Davis and to **CLOSE** this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

It is further **ORDERED** that Davis is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). A COA must first issue. *Id.* To obtain a COA, Davis must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See*

---

[3] Davis has not argued that he is entitled to equitable tolling, *see Holland v. Florida*, 560 U.S. 631 (2010) or that his actual innocence would allow for review of his untimely petition, *see McQuiggin v. Perkins*, 569 U.S. 383 (2013).

28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Davis cannot satisfy the second prong of the *Slack* test. Since Davis is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on December 11, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record